UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BONG KYUN KIM,

                     Petitioner,                    Case Number 1:11-CV-12477
                                                            Honorable Thomas L. Ludington

v.

J.S. WALTON,

                     Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO
APPEAL IN FORMA PAUPERIS**

Petitioner Bong Kyun Kim is a federal prisoner confined at the Federal Correctional Institution (FCI), Milan, Michigan. On April 27, 1995, he pled guilty in the United States District Court, Southern District of New York, to one count of racketeering involving attempted murder and conspiracy to commit murder in violation of 18 U.S.C. § 1962(c), and the related use of a weapon, in violation of 18 U.S.C. § 924(c). *United States v. Kim Bong Kyun*, No. 96-1401, 1997 WL 242110, at *1 (2nd Cir. May 7, 1997).

In exchange for Kim's guilty plea, the government dismissed eleven counts of racketeering and firearms offenses. On May 13, 1996, Petitioner was sentenced to 20 years' imprisonment for the racketeering conviction, and a consecutive five year term of imprisonment for the 924(c) conviction. Petitioner's convictions and sentences were then affirmed on appeal. *See Kim Bong Kyun*, 1997 WL 242110, at *1.

Petitioner did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the trial court. Instead, in 1999, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241 in the United States District Court for the Southern District of West Virginia. The court dismissed his petition because he did not show that § 2255 was an inadequate or ineffective remedy. *Kim v. Conley*, Case No. 5:99-0360 (S.D.W.Va. Dec. 3, 1999).

Before the Court is Petitioner's second *pro se* § 2241 petition. The petition raises a single claim: "Actual Innocence of 924(c)(1) conviction in light of *Bailey v. United States*, 516 U.S. 137 (1995)."

## I

"[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 756–57 (6th Cir. 1999). Only in the limited circumstances provided by § 2255's "savings clause" may a prisoner challenge his conviction under § 2241. The savings clause provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The circumstances in which § 2255 might be deemed "inadequate or ineffective" are narrow, as "liberal allowance" of the writ under § 2241 would defeat the restrictions on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred

-2-

from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate . . . ." *Charles*, 180 F.3d at 756. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id*. at 758 (citations omitted). In order for Petitioner to prevail on his § 2241 claim, he must show that (1) his ability to make such a claim under § 2255 is barred by the terms of that statute and (2) a subsequent change in law has rendered him actually innocent of the crime with which he was convicted. *Peterman*, 249 F.3d at 461–62.

This Court may entertain a petition challenging a conviction under § 2241, however, if there is a claim of "actual innocence." *Peterman*, 249 F.3d at 461–462. Most "actual innocence" cases have arisen from convictions resulting under 18 U.S.C. § 924(c)(1) for "using" a firearm during a drug trafficking crime. *Id*.

Petitioner relies on this exception to support his § 2241 petition. He claims that he is actually innocent of his § 924(c) conviction because the prosecution used the broad interpretation of that statute rejected by the Supreme Court in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey*, the Supreme Court addressed the proper interpretation of 18 U.S.C. § 924(c)(1), which punishes anyone who uses or carries a firearm during or in relation to a drug trafficking crime. The Supreme Court interpreted the "use" prong of the statute narrowly to require active employment of the firearm, an interpretation which differs from that previously adopted by a number of federal appeals courts. *See id*. at 142–43.

Following *Bailey*, the Supreme Court held that a first-time § 2255 petitioner could potentially proceed with a *Bailey*-based attack on his conviction despite the inability to demonstrate cause and prejudice excusing his failure to make the challenge on direct review. *Bousley v. United States*, 523 U.S. 614 (1998). The Court declared that the attack "may still be reviewed in this collateral

-3-

proceeding if [the petitioner] can establish that [an otherwise forfeited] constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." *Ibid*. The Court held that "actual innocence," which "means factual innocence, not mere legal insufficiency," could be demonstrated on remand by the petitioner upon showing that "he did not 'use' a firearm as that term is defined in *Bailey*." *Id*. at 1611–12. This led to a problem for prisoners who had meritorious *Bailey* claims but had already used their one and only § 2255 petition prior to the decision in *Bailey*. Such prisoner's were allowed to file their *Bailey* claims in a § 2241 petition. *See Peterman*, 249 F.3d at 462.

Petitioner's circumstances, however, are not those of the defendants in *Peterman*. Petitioner was sentenced in 1996, after *Bailey* had already been decided in December 1995. Therefore, he could have raised his present claim either on direct appeal or in a § 2255 proceeding. Again, the court in *Peterman* allowed the petitioners to raise *Bailey* claims in § 2241 petitions because they were actually innocent yet procedurally barred from filing a § 2255 motion, as the Supreme Court had announced a new statutory interpretation rather than a retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *Peterman*, 249 F.3d at 462.

That is not Petitioner's situation. He had previous opportunities to raise his claim. A § 2255 petition is not "inadequate or ineffective" merely because a defendant is unable to meet the procedural requirements § 2255 imposes. That is, Petitioner, like other defendants whose convictions antedated *Bailey*, has not and cannot demonstrate that his remedy under § 2255 is inadequate or ineffective under the terms of the savings clause. Therefore, Petitioner has failed to demonstrate entitlement to relief under § 2241. *See*, *e.g.*, *Moore v. Sanders*, 84 F. App'x. 572, 574 (6th Cir. 2003); *Williams v. Perez*, 56 F. App'x. 637, 638 (6th Cir. 2002).

Finally, Petitioner's filing labeled "complaint for declaratory and injunctive relief" asserts

that he is entitled to immediate relief because if his § 924(c) sentence is reversed, then his release has passed. Because Petitioner has not established entitlement to § 2241 relief, however, he is not entitled to immediate relief.

Additionally, the Court certifies that any appeal by plaintiff would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell*, 157 F. Supp. 2d at 802. As this is the case, the Court will not grant Petitioner a certificate of appealability or *in forma pauperis* status should he seek to appeal this order.

The Court concludes that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241. Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

It is further **ORDERED** that Petitioner's motion for injunctive and declaratory relief, ECF No. 9, is **DENIED**.

It is further **ORDERED** that Petitioner's motion for order, ECF No. 10, is **DENIED** as moot.

It is further **ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: May 1, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Bong Kyun Kim #36542-054, Northeast Ohio Correctional Center, 2240 Hubbard Rd. Youngstown, OH 44505 by first class U.S. mail on May 1, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS